[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10247
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00095-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLAN GARCIA-ENRIQUEZ,
a.k.a. Marco Henriques,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 5, 2016)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Allan Garcia-Enriquez appeals his 24-month sentence, which was imposed at the low-end of the advisory guideline range after he pled guilty to reentering the United States illegally after having been deported as an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Mr. Garcia-Enriquez argues that his sentence is substantively unreasonable. Specifically, he contends that certain features of his personal history justified a downward variance: (1) he was only removed from the United States one time, and that was in 2008; (2) his reason for illegally reentering the United States was to support his family in Honduras; (3) he had substantial ties to the United States; and (4) he had unresolved mental health issues. With respect to the district court's weighing of the 18 U.S.C. § 3553(a) factors, Mr. Garcia-Enriquez argues that a sentence well-below 24 months' imprisonment would reflect the seriousness of his offense, provide individual and general deterrence, and assist him in helping himself.

We review the reasonableness of sentences under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Because Mr. Garcia-Enriquez does not argue that his sentence was procedurally unreasonable, we must determine whether the sentence was substantively reasonable in light of the totality of the circumstances. *See id*. at 51. Mr. Garcia-Enriquez, as the party challenging the sentence, bears the burden of showing that it

is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a), including the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, [and] to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). Additional factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentence disparities. *See* § 3553(a)(1), (3)-(6).

In the context of sentencing, the weight given to any specific factor is committed to the sound discretion of the district court, and a district court does not commit reversible error simply because it attaches significant weight to a single § 3553(a) factor. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A district court abuses its discretion and imposes a substantively unreasonable sentence only when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper

3

or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).   Although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.  *See United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990).

Mr. Garcia-Enriquez has not demonstrated that the 24-month sentence is substantively unreasonable.  When it considered the appropriate sentence, the district court took into account the same circumstances and characteristics that Mr. Garcia-Enriquez raises on appeal.  Indeed, as the sentencing transcript shows, the district court considered the presentence investigation report, Mr. Garcia-Enriquez's statement, his mother's statement, his pastor's letter, and defense counsel's arguments in favor of a downward variance.  These materials described Mr. Garcia-Enriquez's troubled past, his ties to the United States, and his reasons for illegally reentering the country—the exact matters Mr. Garcia-Enriquez raises in this appeal.  The district court also considered Mr. Garcia-Enriquez's prior criminal history and his mental health issues.  After weighing these considerations, the district court noted Mr. Garcia-Enriquez's most recent criminal charges and explained that Mr. Garcia-Enriquez's stated reasons did not warrant a downward

variance from the advisory guideline range.  To the extent Mr. Garcia-Enriquez argues that the district court failed to give due weight to the factors he asserted in support of a lower sentence, that decision was within the district court's discretion. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

In addition, although we do not presume that a sentence falling within the advisory guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Here, the district court's sentence of 24 months represented the lowest end of the applicable guideline range of 24 to 30 months.  A sentence imposed well-below the statutory maximum penalty is another indicator of a reasonable sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Mr. Garcia-Enriquez's 24-month sentence was well-below the statutory maximum of 20 years.  Accordingly, Mr. Garcia-Enriquez has not shown an abuse of discretion.

Giving appropriate deference to the district court's consideration of the § 3553(a) factors, Mr. Garcia-Enriquez sentence of 24 months' imprisonment is not substantively unreasonable.  Therefore, we affirm.

**AFFIRMED.**

5